UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FIORELLA REATEGUI,

        Plaintiff,

v.                                                               Case No:  6:19-cv-1371-Orl-37DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

REPORT AND RECOMMENDATION

        Fiorella Reategui (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI).  Doc. 1.  Claimant argues that the Administrative Law Judge (ALJ) erred by failing to apply the correct legal standards at step three of the sequential evaluation process and making findings not supported by substantial evidence.  Doc. 15 at 12-15.  The Commissioner disagrees.  *Id.* at 15-20.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

I.      THE ALJ'S DECISION

        In 2015, Claimant filed applications for DIB and SSI alleging a disability onset date of December 20, 2013.  R. 82-83; 176-189.  Both claims were denied initially and upon reconsideration.  R. 114-119; 121-130.  On June 13, 2016, Claimant filed a written request for a hearing before an ALJ.  R. 135-137.  On April 3, 2018, Claimant appeared and testified at a hearing held before ALJ Michael Calabro.  R. 40-61.  Subsequent to the hearing and prior to the issuance of a final decision, ALJ Calabro "became unavailable to issue a decision due to circumstances

satisfying the criteria listed in HALLEX I-2-8-40B." R. 11. Because Judge Calabro remained

unavailable, the Hearing Office Chief Administrative Law Judge reassigned Claimant's claim to

ALJ Maria Teresa Mandry (the ALJ), whose decision is now at issue. R. 11. Claimant requested

review of the hearing decision (R.170); on June 6, 2019, the Appeals Council denied the request for

review (R. 1-6). Accordingly, the ALJ's decision became the Commissioner's final decision. This

appeal timely followed. Doc. 1.

The ALJ issued her decision on September 5, 2018. R. 7-20. In the decision, the ALJ

explained that she "thoroughly reviewed the evidence of record and listened to the audio recording

of the hearing as required by HALLEX, I-2-840B." R. 11. The ALJ also explained that in light

of her unfavorable decision, she considered whether another hearing was necessary, but "after

considering the documentary evidence admitted into the record at the hearing and the oral

testimony received during the hearing" she concluded that the record was "sufficient to issue a

decision and [that] a supplemental hearing [was] not warranted." R. 11.[1]

In her decision, the ALJ found that Claimant had the following severe impairments:

stuttering; social anxiety/phobia related to stuttering; and persistent depressive disorder related to

stuttering. R. 13. The ALJ found that Claimant's impairments or combination thereof did not

meet or medically equal the severity of one of the listed impairments. *Id.* Specifically, the ALJ

found that "[t]he severity of [Claimant's] physical impairments, considered singly and in

_____

[1] The undersigned notes that neither party takes issue with any of the proceedings as they relate to
HALLEX I-2-8-40A, B, or C. Accordingly, the undersigned will not consider this aspect of the
claim and any argument pursuant to the proceedings according to HALLEX I-2-8-40 is deemed
waived. *See, e.g.*, *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D.
Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain
how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275,
1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further
argument or discussion, constitutes abandonment of that issue and precludes our considering the
issue on appeal.")).

combination, does not meet or medically equal the criteria of any impairment listed in 2.09; 12.04; [or] 12.06." R. 13.

The ALJ found that Claimant had a residual functional capacity (RFC) to perform light work[2] with specific limitations. R. 15. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that claimant can occasionally interact with the public and co-workers can tolerate occasional changes in the work setting; and **no verbal communications with the public or co-workers**.

*Id*. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination and the VE testified that Claimant was capable of performing her past relevant work as a data entry clerk (R. 15) as well as other jobs in the national economy (R. 18-19). The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 19. Therefore, the ALJ found that Claimant was not disabled. *Id*.

## II.      Overview of Applicable Law

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**III.   Discussion**

Claimant argues that the ALJ erred at step three of the sequential evaluation process by finding that Claimant did not meet the criteria of Listing 2.09.  Doc. 15 at 12-15.  Claimant argues that she met these criteria and that the ALJ acknowledged that she met them by limiting Claimant to "no verbal communications with the public or co-workers" in the RFC.  *Id.*  The Commissioner argues that Claimant did not meet the criteria of Listing 2.09, that the ALJ's RFC finding related to verbal communications does not concede that Claimant met that criteria, and further that the ALJ's decision is supported by substantial evidence. *Id*. at 15-22.

### A. Step Three of the Sequential Evaluation Process

At step three, the ALJ must consider whether a claimant's impairments, individually or in combination, meet or equal any of the impairments contained in the Listing of Impairments (the Listings), which identifies impairments that are considered severe enough to prevent a person from engaging in any gainful activity. 20 C.F.R. §§ 404.1525(a), 416.925(a). However, "it is not required that the [ALJ] mechanically recite the evidence leading to [the ALJ's] determination." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). Indeed, "[t]here may be an implied finding that a claimant does not meet a listing." *Id*. Thus, where an ALJ failed to explicitly state that the ALJ considered and rejected a listing (let alone the reasons for the rejection of that listing), but it is determined from a review of the record that the ALJ implicitly found that the claimant did not meet the listing, courts have then reviewed the record to determine whether substantial evidence supports the ALJ's decision to implicitly reject that listing. *See, e.g.*, *Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015) ("In sum, the record reflects that the ALJ sufficiently considered [the claimant's disorder] in combination with his other impairments, and substantial evidence supports the ALJ's implicit determination that [the claimant] did not meet or equal [a specified listing.]").

"The evidentiary standards for presumptive disability under the Listings are stricter than for cases that proceed to other steps in the sequential evaluation process . . . ." *Carter v. Astrue*, 2008 WL 4456635, at * (M.D. Fla. Sept. 30, 2008) (citations omitted). The claimant has the burden of proving that an impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). To "meet" a listed impairment, "a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the [listed impairment] and the duration requirement." *Wilson v. Barnhart*,

284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam) (citing 20 C.F.R. § 404.1525(a)-(d)); *see also Mijenes v. Comm'r of Soc. Sec.*, 687 Fed. App'x 842, 845 (11th Cir. 2017) ("An impairment that manifests only some of [the] criteria, no matter how severely, does not qualify.") (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)) (alterations in original).  To "equal" a listed impairment, the medical findings must be "at least equal in severity and duration to the listed findings."  *Wilson*, 284 F.3d at 1224 (citing 20 C.F.R. § 404.1526(a)).  "If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment."  *Id*.  If a claimant satisfies his or her burden of proving that an impairment meets or equals a listed impairment, then he or she is disabled.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  If not, the ALJ moves on to step four and, if necessary, step five.  *See id*.

### B.  Listing 2.09

Listing 2.09 applies to a loss of speech "due to any cause, with inability to produce by any means speech that can be heard, understood, or sustained."  20 C.F.R. § 404, Subpart P, App. 1, Rule 2.09.  "In evaluating the loss of speech, the ability to produce speech by any means includes the use of mechanical or electronic devices that improve voice or articulation."  20 C.F.R. § 404, Subpart P, App. 1, Section 2.00(B)(3).  Social Security Regulation 82-57 (SSR 82-57)[3] explains in detail how loss of speech is evaluated.  SSR 82-57 provides:

> **POLICY STATEMENT:** Ordinarily, when an individual's impairment prevents effective speech, the loss of function is sufficiently severe so that an allowance under Listing 2.09 is justified on the basis of medical considerations alone, unless such a finding is rebutted by work activity. To speak effectively, an individual must be able to produce speech that can be heard, understood, and sustained well enough to permit useful communication in social and vocational

---

[3] *Available at* https://www.ssa.gov/OP_Home/rulings/di/01/SSR82-57-di-01.html.

settings. These criteria are applicable to the production of speech whether by natural function of the voice mechanism or by the use of a prosthetic device.

Three attributes of speech pertinent to the evaluation of speech proficiency are: (1) audibility -- the ability to speak at a level sufficient to be heard; (2) intelligibility -- the ability to articulate and to link the phonetic units of speech with sufficient accuracy to be understood; and (3) functional efficiency -- the ability to produce and sustain a serviceably fast rate of speech output over a useful period of time. When at least *one* of these attributes is missing, overall speech function is not considered effective. . .

SSR 82-57. Here, the ALJ drew the following conclusion with respect to Listing 2.09:

Listing 2.09 is not met in regards to the claimant's stutter since, despite [her] communication difficulties, the record and the claimant's hearing testimony show that she does not have an inability to produce by any means speech that can be heard, understood, or sustained.

R. 13.

## C.  Argument

Here, Claimant's argument that the ALJ applied an incorrect legal standard – and thus erred in finding that Claimant did not meet the requirements of Listing 2.09 – rests largely on the proposition that in the RFC the ALJ implicitly found that Claimant met those requirements. *See* Doc. 15 at 12. In the RFC, the ALJ limited Claimant to "no verbal communications with the public or co-workers." R. 15. Claimant contends that this statement equates to the ALJ limiting Claimant to "no verbal communications" at all, and therefore accounts for Claimant's allegedly disabling loss of speech. *See* Doc. 15 at 12. Claimant argues that "No verbal communication would obviously cause [sic] an 'inability to produce… speech that can be… heard, understood, or sustained.' Thus, according to the ALJ's own finding Ms. Reategui satisfied Listing 2.09 and should have been found disabled." *Id.* The undersigned disagrees.

The ALJ's limitation on Claimant's ability to communicate verbally is explicitly directed at verbal communication with the public and co-workers; such a limitation does not necessarily suggest, as Claimant argues, that Claimant met the requirements of Listing 2.09. *See* R. 13.

Indeed, there is nothing in the RFC that suggests Claimant is unable to produce speech that can be heard, understood, or sustained when speaking to a friend, a supervisor, or an individual who is otherwise not a member of the public or a co-worker.  *See* R. 15.  Further, any misinterpretation of the ALJ's statement as an implicit finding that Claimant met the requirements of Listing 2.09 is undermined by the ALJ's explicit conclusion that "Listing 2.09 is not met" and the reasoning the ALJ provides.  *See* R. 13; 16-17.  Accordingly, the undersigned finds Claimant's argument on this point unpersuasive.

Claimant attempts to make one additional argument: Claimant appears to argue, in a conclusory fashion, that "the medical evidence of record" supports the finding of disability based on Claimant's meeting the criteria of Listing 2.09.  *See* Doc. 15 at 13-14.  However, the question at this juncture is not whether some evidence contradicts the ALJ's decision, but whether substantial evidence supported the ALJ's decision.  In addition, Claimant offers no actual argument on this point; rather, Claimant describes the findings of a speech and language report and asserts that Claimant only testified at the hearing with some difficulty.  *See* Doc. 15 at 13-15.  Thus, the undersigned finds that Claimant has waived whatever argument she may have been trying to raise here by raising it in a conclusory manner. [4]  *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x

---

[4] To the extent that Claimant intends to make an argument that the ALJ failed in her duty to develop the record, such argument is also perfunctorily made and is therefore waived.  *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).  Similarly, any

774, at 777 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably

abandoned); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised

in a perfunctory manner, without supporting arguments and citation to authorities, are generally

deemed to be waived.").

The Commissioner argues that the ALJ properly applied the correct legal standard and that

substantial evidence supports the ALJ's decision that Claimant is not disabled. *See* Doc. 15 at 15-

20. As an initial matter, the Commissioner points out that "Claimant relies on SSR 82-57, but then

ignores the ALJ's conclusion that she was not disabled because she could perform her past relevant

work as a data entry clerk (Tr. 17, Finding No. 6)." Doc. 15 at 15 (citing SSR 82-57, 1982 WL

31382, at *1 (providing a conclusion that a speech impairment prevents effective speech can be

rebutted by work activity)). The Commissioner is correct that SSR-82-57 concludes that loss of

effective speech can be rebutted by work activity; the Commissioner is also correct that Claimant

has worked – as a data entry clerk – in the past. Here, the ALJ explicitly considered Claimant's

ability to work as a factor that rebuts the degree of her impairment, stating: "Moreover. . .

[C]laimant's stutter has persisted despite treatment [but] the claimant has been able to engage in

school and been able to maintain employment despite her fluency issues." R. 16. Additionally, in

evaluating Claimant's speech impairment, the ALJ considered Claimant's own testimony, medical

findings, Claimant's history of receiving and responding to speech therapy, and whether the

recording of the hearing showed the that Claimant was able to produce speech that could be heard,

understood, or sustained. *See* R. 16-17. The ALJ stated:

> Listing 2.09 is not met in regards to the claimant's stutter since, despite [her]
> communication difficulties, the record and the claimant's hearing testimony show

---

argument that the ALJ improperly discredited Claimant's testimony is waived as perfunctory. *See id*.

that she does not have an inability to produce by any means speech that can be heard, understood, or sustained.

R. 13.  Thus, here, the ALJ explicitly stated that she considered and rejected a listing and stated her reasons for that rejection.  *See id.*  Further, had the ALJ not made such explicit statements in this case, the record would support the contention that the ALJ implicitly found that Claimant did not meet the listing and the conclusion the conclusion that substantial evidence supports the ALJ's decision to implicitly reject Listing 2.09.

Given the foregoing, it is **RECOMMENDED** that the Court reject Claimant's only assignment of error.

## IV.    CONCLUSION

For the reasons stated above, it is respectfully **RECOMMENDED** that the Court:

1.    **AFFIRM** the final decision of the Commissioner; and

2.    Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant and close the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 19, 2020.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE